Mark J. Fonte
Louis M. Gelormino
**F&G LEGAL GROUP**
2550 Victory Boulevard
Staten Island, New York 10314
Telephone:     (917) 968-1619
mfontelaw@yahoo.com
louiegels@hotmail.com
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **RACHEL MANISCALCO**, individually, and for all others similarly situated,<br><br>        Plaintiff,<br><br>    -against–<br><br>**THE NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, SCHOOLS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, IN HER OFFICIAL CAPACITY, THE CITY OF NEW YORK, BILL** de **BLASIO, MAYOR OF NEW YORK CITY, IN HIS OFFICIAL CAPACITY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE,** and **DAVE A. CHOKSHI, COMMISSIONER OF THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE, IN HIS OFFICIAL CAPACITY** | Case No. _____<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ...............................................................................................4

ARGUMENT ...............................................................................................................4

   I.   PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION............................4

      A.  Plaintiff Is Likely to Prevail on the Merits of Her Substantive Due Process Claim....4

      B.  Defendants' Misconduct Will Cause Irreparable Harm to Plaintiff if the Preliminary Injunctive Relief Sought by Plaintiff Is Not Granted ........................................................5

      C.  The Balance of Equities Tips in Plaintiff's Favor ......................................................6

      D.  The Requested Injunction Is in the Public Interest ....................................................6

   II.  PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER ..............7

CONCLUSION.............................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allgeyer v. Louisiana,*
    165 U.S. 578 (1897)............................................................................2

*Board of Regents of State Colleges v. Roth,*
    408 U.S. 564 (1972)............................................................................2

*Cnty. of Sacramento v. Lewis,*
    523 U.S. 833 (1988)............................................................................2

*eBay Inc. v. MercExchange, LLC,*
    547 U.S. 388 (2006)........................................................................5, 6

*Gibson v. U.S. Immigration & Naturalization Serv.,*
    541 F. Supp. 131(S.D.N.Y. 1982) .......................................................4

*Granny Goose Foods Inc. v. Teamsters,*
    415 U.S. 423 (1974)............................................................................7

*Harlen Assocs. v. Inc. Vill. of Mineola,*
    273 F.3d 494 (2d Cir. 2001)................................................................2

*Hollingsworth v. Perry,*
    558 U.S. 183 (2010)............................................................................6

*In re Vuitton et Fils S.A.,*
    606 F.2d 1 (2nd Cir. 1979)..................................................................7

*Kamerling v. Massanari,*
    295 F.3d 206 (2d Cir. 2002)................................................................5

*Marino v. City Univ. of N. Y,*
    18 F. Supp. 3d 320 (E.D.N.Y. 2014) ..................................................2

*N.Y. Pathological & X–Ray Labs., Inc. v. INS,*
    523 F.2d 79 (2d Cir.1975)...................................................................5

*Pan American World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n.*
    306 F.2d 840 (2nd Cir. 1962)..............................................................7

*Pan American World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n.,*
    306 F.2d 840 (2nd Cir. 1962)..............................................................7

*Salinger v. Colting,*
    607 F.3d 68 (2d Cir. 2010)...............................................................................................5, 6

*United States v. Salerno,*
    481 U.S. 739 (1987)............................................................................................................2

*Winter v. Nat. Res. Def. Council, Inc.,*
    555 U.S. 7 (2008)...............................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff and members of the Class are New York City Public School Teachers who are at risk of losing their livelihoods, their health insurance, and their ability to pursue their profession under a New York City Executive Order announced on August 23, 2021 (the "August 23 Order") that requires them to submit proof of at least one dose of vaccination for the Covid-19 virus by September 27, 2021, 17 days from now. Unlike the vaccine mandate for federal workers announced on September 9, 2021, the August 23 Order includes no provision to opt-out of the mandate through testing.

All can agree that safety in New York City's public schools, where almost a million students are educated, and many tens of thousands of teachers and employees work, is essential. Neither Plaintiff nor members of the Class oppose any legitimate steps to make their own workplace, and the place where they educate their students, a safer place to work and in which to learn. But pursuant to the August 23 Order any teachers who do not comply stand to lose their health benefits, their jobs, or their seniority (which consequence or consequences of the Order that the New York City Department of Education (the "DOE"), Meisha Porter, Schools Chancellor of the New York City Department of Education, the City of New York (the "City"), Bill de Blasio, Mayor of New York City ("de Blasio"), Department of Health and Mental Hygiene (the "DOHMH"), and Dave A. Chokshi, Commissioner of the DOHMH ("Chokshi") (collectively, "Defendants") shall impose on Plaintiff and the Class shifts from day to day). Such an ongoing, draconian punishment shocks the conscience, violates constitutional rights, and not only should not be permitted, but must be restrained immediately to prevent irreparable harm.

1

Plaintiff is likely to succeed on the merits of her claim for a violation of her rights under the Due Process Clause of the United States Constitution. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no State can "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The substantive component of the Due Process Clause "limits what the government may do in both its legislative… and its executive capacities." *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846 (1988). Specifically, substantive due process protection prohibits government from taking action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987). Where the challenged conduct is legislative in nature the Plaintiff must show both (1) a valid property interest, [liberty] or fundamental right and (2) that the defendants infringed that [liberty or] property interest in an arbitrary or irrational manner." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001). Liberty "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972). The right to pursue a profession – particularly one as important to the public good and as revered in civil society as teaching children in public schools – is a liberty interest for which one enjoys substantive due process protection. *Allgeyer v. Louisiana*, 165 U.S. 578, 589 (1897) (holding that "the 'liberty' mentioned in th[e] [Fourteenth Amendment] . . . is deemed to embrace the right of the citizen . . . to earn his livelihood by any lawful calling") *See also Marino v. City Univ. of N. Y*, 18 F. Supp. 3d 320, 339 (E.D.N.Y. 2014) (noting that "a person's right to pursue the profession of his choice is recognized as a constitutionally protected liberty interest"). The August 23 Order shocks the conscience and interferes with Plaintiff's and

members of the putative Class's deeply rooted liberty interests, including the right to work as teachers, their chosen profession.

If Defendants enforce the August 23 Order, Plaintiff and members of the putative Class may lose their income, their seniority, and/or their health benefits. Termination of teachers at the beginning of the school year, with mere weeks of warning, will result in Plaintiff and Class members' being irreparably harmed.

The balance of hardships tips in Plaintiff's and the Class's favor: while the goal of providing safe schools is a valid one, the DOE's history in the last year, as well as that of Catholic schools in New York City and throughout the United States, shows that with proper safety procedures, in particular the use of masks, it is possible to maintain a safe environment without vaccines.  Indeed, schools in the Brooklyn Diocese (covering Brooklyn and Queens) and the Archdiocese of New York (which includes Staten Island, Manhattan, and the Bronx) were open, in person, full time or virtually full time, all of the last year school year without any reported so-called super spreader events or even reports of high infection rates. While it may be a hardship for Defendants to require other safety procedures like masks, the benefit to the public is great, and such hardship is far outweighed by that suffered by Plaintiff and the Class, who stand to lose their livelihood.

The public interest will not be disserved if Plaintiff's motion for temporary restraining order and preliminary injunction is granted. The public needs to have any qualified teachers who are available to work in the public schools – as those teachers very often did in the last year when there was no vaccine and transmission rates were much higher than they are now. With alternative proper safety procedures, transmission rates can be kept low while all teachers can fulfill their profession and teach students, advancing the public interest.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Complaint and the Declaration of Louis Gelormino in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and the Declaration of Rachel Maniscalco in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed with this memorandum of law for additional facts.

## ARGUMENT

**I.    PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION**

Plaintiff needs injunctive relief in order to protect herself, having no adequate remedy at law. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff meets each of these requirements, warranting the granting of Plaintiff's motion and the enjoining of enforcement of the August 23 Order.

### A.  Plaintiff Is Likely to Prevail on the Merits of Her Substantive Due Process Claim

Plaintiff is likely to prevail on the merits of her substantive due process claim and is therefore entitled to a preliminary injunction to preserve the status quo. In order for a preliminary injunction – which by its terms provides only a preliminary remedy – to be granted, "[i]t is necessary only that the court find that the plaintiff has presented a strong *prima facie* case to justify the discretionary issuance of preliminary relief." *Gibson v. U.S. Immigration & Naturalization Serv.*, 541 F. Supp. 131, 137 (S.D.N.Y. 1982). Plaintiff can meet the elements of her violation of Substantive Due Process Claim.  Specifically, first, the August 23 Order "shocks

4

the conscience" (as it may currently include termination, suspension, reduction or elimination of salary, and reduction or elimination of benefits). Second, the August 23 Order interferes with a valid property interest (employment) and a fundamental right (to proceed in one's calling). And, third, the by way of the August 23 Order Defendants infringe on the property interest and right in an irrational way: requiring vaccination (at present of all individuals, no matter what legitimate excuse such individuals may have) as opposed to employing other means of reduction of vaccination spread which the evidence in the last year shows has worked to reduce vaccine spread in the school setting. Plaintiff and the Class are likely to prevail at the end of this litigation on their Substantive Due Process Claim.

## B. Defendants' Misconduct Will Cause Irreparable Harm to Plaintiff if the Preliminary Injunctive Relief Sought by Plaintiff Is Not Granted

Plaintiff will suffer irreparable harm if the preliminary relief she seeks is denied. "To establish irreparable harm, a party seeking preliminary injunctive relief must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X–Ray Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)). "[T]he court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the 'remedies available at law, such as monetary damages, are inadequate to compensate for that injury.'" *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Termination, reduction in responsibility or salary, or elimination of health care benefits in a matter of weeks would cause significant, ongoing damages to Plaintiff, and, as such, cannot be remedied by mere money damages. Any litigation would take months at least to resolve, meantime Plaintiff would not be able to proceed

in her chosen profession, would be without employment, and could lose medical benefits. The same is true of the many other teachers in the Class. Enforcement of the August 23 Order will harm Plaintiff and Class members' in ways which cannot be adequately remedied by monetary damages, warranting the granting of Plaintiff's motion.

### C.  The Balance of Equities Tips in Plaintiff's Favor

The equities are in favor of Plaintiff and the Class. Plaintiff herself agrees that the Defendants should ensure a safe work and educational environment in City Schools, but recent history shows that vaccination is not the only way to obtain such a safe environment. Alternate methods exist – which worked in the last year – and can be employed here. But if enforcement of the August 23 Order is the only means used to create such safety, Plaintiff and members of the Class will be significantly and immediately harmed. "In close cases the Circuit Justice or the Court will balance the equities and weigh the relative harms to the applicant and to the respondent." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). As described above, the potential for harm to Plaintiff if the requested relief is denied is great, while Defendants have alternative means to obtain the legitimate goal of safety in schools and reduction of transmission spread.

### D.  The Requested Injunction Is in the Public Interest

The requested injunction which would permit Plaintiff and many other teachers like her to continue to serve the City as teachers, maintain their employment and health benefits, all while teaching students is in the public interest. "[T]he court must ensure that the 'public interest would not be disserved' by the issuance of a preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). The protection of the teachers' right to pursue their calling and provide education to hundreds of

thousands of public school students is essential to the public good. An order protecting this interest will only help the greater public, warranting the granting of Plaintiff's motion for preliminary injunction and temporary restraining order.

## II.    PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER

Plaintiff is entitled to the emergency relief of an ex parte temporary restraining order enjoining Defendants' enforcement of the August 23 Order until resolution of any preliminary injunction hearing, or any other relief which this Court may grant. "The purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of demands for a preliminary injunction." *Pan American World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n.,* 306 F.2d 840, 843 (2nd Cir. 1962). The Second Circuit, following the holding of the Supreme Court in *Granny Goose Foods Inc. v. Teamsters*, 415 U.S. 423 (1974), observed in *In re Vuitton et Fils S.A.,* 606 F.2d 1 (2nd Cir. 1979), that a temporary restraining order issued is justified where "failure to issue it would result in 'immediate and irreparable injury, loss, or damage'" and the applicant shows why notice should not be required.

For the reasons discussed above, Plaintiff is entitled to a preliminary injunction. Plaintiff is further entitled to the emergency relief of a temporary restraining order. The Defendants are allowing schools to begin without imposition of the August 23 Order, and have not been clear on what sanctions they shall impose (raising the risk of yet further changes before any preliminary injunction hearing), such that the limited time a temporary restraining order would be in place until this Court rules on the preliminary injunction application, likely after a hearing, would cause limited, if any, harm. The purpose of the temporary restraining order would simply be to maintain the status quo. The Court should grant Plaintiff's motion for temporary injunction.

## CONCLUSION

For the reasons stated herein, and in the supporting papers, Plaintiff is entitled to a temporary restraining order enjoining Defendants from enforcing the August 23 Order until this Court rules on the preliminary injunction application. And upon a hearing or presentation of whatever other evidence and arguments the Court requires this Court should issue a preliminary injunction staying enforcement of the August 23 Order so that Plaintiff and the at least hundreds if not thousands of members of the Class may maintain their employment, pursue their chosen professions, and serve the City by teaching public school students.

Dated: New York, New York
      September 10, 2021

By: *s/ Mark J. Fonte*
    Mark J. Fonte
    Louis M. Gelormino
    **F&G Legal Group**
    2550 Victory Blvd.
    Staten Island, New York 10314
    Telephone:   (917) 968-1619
    mfontelaw@yahoo.com
    louiegels@hotmail.com
    *Attorneys for Plaintiff and the Class*