Mark J. Fonte
Louis M. Gelormino
**F&G Legal Group**
2550 Victory Blvd.
Staten Island, New York 10314
Telephone:    (917) 968-1619
mfontelaw@yahoo.com
louiegels@hotmail.com
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RACHEL MANISCALCO**, **EVELYN ARANCIO**, **DIANA SALOMON,** and **CORINNE LYNCH**, individually, and for all others similarly situated,<br><br>                          Plaintiff,<br><br>             -against–<br><br>**THE NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, SCHOOLS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, IN HER OFFICIAL CAPACITY, THE CITY OF NEW YORK**, **BILL de BLASIO, MAYOR OF NEW YORK CITY, IN HIS OFFICIAL CAPACITY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE,** and **DAVE A. CHOKSHI, COMMISSIONER OF THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE, IN HIS OFFICIAL CAPACITY**<br><br>                                Defendants. | Case No.: 1:21-CV-05055<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs Rachel Maniscalco ("Maniscalo"), Evelyn Arancio ("Arancio"), Diana Salomon ("Salomon"), and Corinne Lynch ("Lynch") (collectively, "Plaintiffs") on behalf of themselves and a class of similarly situated individuals, by their attorneys, F&G Legal Group, for their

Complaint against the New York City Department of Education (the "DOE"), Meisha Porter, in her official capacity as Schools Chancellor of the DOE, the City of New York (the "City"), Bill de Blasio, Mayor of New York City, in his official capacity as Mayor of New York City ("de Blasio"), the Department of Health and Mental Hygiene (the "DOHMH"), and Dave A. Chokshi, Commissioner of the DOHMH, in his official capacity ("Chokshi") (collectively, the "Defendants"), respectfully alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiffs and members of the Classes are New York City Public School Teachers who are at risk of losing their livelihoods, their health insurance, and their ability to pursue their profession under a New York City Executive Order announced on August 23, 2021 (the "August 23 Order").

2. The August 23 Order requires Plaintiffs and the Classes to submit proof of at least one dose of vaccination for the Covid-19 virus by September 27, 2021. Unlike the vaccine mandate for federal workers announced on September 9, 2021, the August 23 Order includes no provision for DOE workers to opt-out of the mandate through testing.

3. All can agree that safety in New York City's public schools, where almost a million students are educated, and many tens of thousands of teachers and employees work, is essential. Neither Plaintiffs nor members of the Class oppose any legitimate steps to make their own workplace, and the place where they educate their students, a safer place to work and in which to learn.

4. But pursuant to the August 23 Order, any teachers who do not comply stand to lose their health benefits, their jobs, or their seniority (which consequence or consequences of the August 23 Order that Defendants shall impose on Plaintiffs and the Class shifts from day to day).

5. Such an ongoing, draconian punishment shocks the conscience, violates constitutional rights, and not only should not be permitted, but must be restrained immediately to prevent irreparable harm.

6. Alarmingly, the August 23 Order violates the Due Process Clause of the United States Constitution, which provides no State can "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.

7. The substantive component of the Due Process Clause limits what the government may do in both its legislative and its executive capacities. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846 (1988). Specifically, substantive due process protection prohibits government from taking action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

8. Liberty "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972). The right to pursue a profession—particularly one as important to the public good and as revered in civil society as teaching children in public schools—is a liberty interest for which one enjoys substantive due process protection.

9. The August 23 Order shocks the conscience and interferes with Plaintiffs' and members of the putative Classes' deeply rooted liberty interests, including the right to work as teachers, their chosen profession.

10. If Defendants enforce the August 23 Order, Plaintiff and members of the putative Classes may lose their income, their seniority, and/or their health benefits. Termination of teachers at the beginning of the school year, with mere weeks of warning, will result in Plaintiffs and Class members' being irreparably harmed.

11. While the goal of providing safe schools is a valid one, the DOE's history in the last year, as well as that of Catholic schools in New York City and throughout the United States, shows that with proper safety procedures, in particular the use of masks, it is possible to maintain a safe environment without vaccines.

12. Indeed, schools in the Brooklyn Diocese (covering Brooklyn and Queens) and the Archdiocese of New York (which includes Staten Island, Manhattan, and the Bronx) were open, in person, full time or virtually full time, all of the last year school year without any reported so-called super spreader events or even reports of high infection rates.

13. While it may be a hardship for Defendants to require other safety procedures like masks, the benefit to the public is great, and such hardship is far outweighed by that suffered by Plaintiffs and the Classes, who stand to lose their livelihood.

14. In fact, on September 14, 2021, a court in the Northern District of New York recently blocked the State of New York from forcing medical workers to be vaccinated, recognizing the possible violation of the workers' Constitutional rights. *Dr. A, et al. v. Hochul, et al.*, No. 1:21-cv-01009-DNH-ML (N.D.N.Y. Sept. 14, 2021).

15. The public needs to have any qualified teachers who are available to teach in the public schools—as those teachers very often were in the last year when there was no vaccine and transmission rates were much higher than they are now. With alternative proper safety procedures, transmission rates can be kept low while all teachers can fulfill their profession and teach students, advancing the public interest.

**JURISDICTION AND VENUE**

16. Pursuant to 42 U.S.C. § 1983, this Court has jurisdiction to enforce the provisions of the U.S. Constitution.

17. This Court has subject matter jurisdiction over the claims asserted by Plaintiffs under 28 U.S.C. § 1331 as this action involves claims based on Fourteenth Amendment of the U.S. Constitution and seeks to prevent Defendants from interfering with federal rights secured by the U.S. Constitution.

18. Pursuant to 28 U.S.C. § 1343(a)(3) and (4), this Court has subject matter jurisdiction over the claims asserted by Plaintiffs as this action is brought to redress deprivations under color of State law, statute, executive order, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the U.S. Constitution.

19. This Court has supplemental jurisdiction over this action under 28 U.S.C. § 1367 because the claims that arise under the laws of New York are so related to claims in this action within such original jurisdiction that they form part of the same controversy under Article III of the United States Constitution.

## THE PARTIES

*Plaintiffs*

20. Plaintiff Maniscalco is a public-school teacher in Staten Island, New York. During all times relevant and material to this case, Plaintiff was employed by Defendants City and DOE.

21. Plaintiff Arancio is a paraprofessional in Staten Island, New York who has developed antibodies following exposure to a Covid-19 infection. During all times relevant and material to this case, Plaintiff was employed by Defendants City and DOE.

22. Plaintiff Salomon is paraprofessional in Queens, New York who has developed antibodies following exposure to a Covid-19 infection. During all times relevant and material to this case, Plaintiff was employed by Defendants City and DOE.

23. Plaintiff Lynch is a public-school teacher in Queens, New York who has developed antibodies following exposure to a Covid-19 infection. During all times relevant and material to

this case, Plaintiff was employed by Defendants City and DOE.

*Defendants*

24. Defendant DOE is a corporate body, created by Article 52 of the New York State Education Law, that manages and controls the educational affairs of New York City public schools. DOE is the "local educational agency" as defined by 14 U.S.C. § 1401(19) and 34 C.F.R. § 300.28 responsible for providing public education.

25. Defendant Porter is and was Schools Chancellor of the DOE and is and was acting under color of the DOE and in her official capacity, at all times relevant to the allegations made by Plaintiff herein.

26. Defendant City is a municipal corporation within the State of New York.

27. Defendant de Blasio is and was Mayor of the City of New York and is and was acting under color of City law and in his official capacity, at all times relevant to the allegations made by Plaintiff herein.

28. Defendant DOHMH is responsible for public health in New York City.

29. Defendant Chokshi is and was Commissioner and is and was acting under color of the DOHMH and in his official capacity, at all times relevant to the allegations made by Plaintiff herein.

**FACTUAL ALLEGATIONS**

*The City Announces a Vaccine Mandate for all Municipal Workers*

30. On July 26, 2021, de Blasio announced that the City would require all municipal workers—including teachers and custodians employed by the DOE, cops, and firefighters—to receive one dose of the Covid-19 vaccination by the time schools reopen in mid-September (the "July 26 Order").

31. The July 26 Order allows municipal workers to opt out of the vaccine mandate if they are tested weekly for Covid-19. The City announced that the July 26 Order goes into effect on September 13, 2021, the same day the City's public schools re-open for the year.

32. Less than one month later, however, on August 23, 2021, de Blasio, in consultation with all of the other Defendants, announced that DOE employees would no longer be able to opt out of the vaccine mandate through weekly Covid-19 tests.

33. Instead, the City's August 23 Order requires all DOE employees—which includes 148,000 school-based staff and central staff, as well as DOE contractors who work in school-based settings—to provide proof of first dose of vaccination by September 27, 2021.

34. The August 23 Order is supported by the DOE's Schools Chancellor Porter, who is responsible for implementing the August 23 Order across the DOE, and the DOHMH's Chokshi, who helped craft the August 23 Order.

35. Notably, the August 23 Order does not provide an exception to the vaccine for those with antibodies either.

## CLASS ACTION ALLEGATIONS

36. Plaintiffs represent two Classes prosecuting the claims here, which are the Main Class and the Subclass, as defined below, all brining their claims pursuant to Federal Rule of Civil Procedure ("Rule") 23(a) and (b).

### The Class

37. Plaintiff Maniscalco brings this class action on behalf of herself and the class of DOE employees and contractors affected by Defendants' August 23 Order.

### The Subclass

38. Plaintiffs Arancio, Salomon, and Lynch bring this class action on behalf of

7

themselves and the class of DOE employees and contractors who have developed antibodies following exposure to a Covid-19 infection and are affected by Defendants' August 23 Order.

## All Requirements of a Class Action are Met Here

39. This action meets the following prerequisites of Rule 23(a):

   a. **Numerosity**: The Classes includes thousands of members. Due to the high number of class members, joinder of all members is impracticable and, indeed, virtually impossible.

   b. **Ascertainable**: The proposed Classes are ascertainable. Every Plaintiff is either employed directly or indirectly by the DOE and City.

   c. **Commonality**: A substantial pool of common questions of law and fact exists among the Class, including but not limited to:

      i. The actions taken by Defendants to advance the August 23 Order;

      ii. Implementation of the August 23 Order;

      iii. The irrationality and arbitrariness of particular provisions of the August 23 Order.

   d. **Typicality**: Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs' are all directly or indirectly employed by the DOE. The harm suffered by Plaintiffs' and the cause of such harm is representative of the respective Classes. The claims or defenses of the Plaintiff and the Classes arise from the save events and actions by Defendants and are based on the same legal theory.

   e. **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs do not have any interests that conflict with the interests of the members of the Classes. Plaintiffs have engaged competent counsel who are

experienced in complex litigation, including class action litigation.

    f. **Superiority**: A class action is superior to alternatives, if any, for the timely, fair, and efficient adjudication of the issues alleged herein. A class action will permit numerous similarly situated individuals to prosecute their common claims in a single forum simultaneously without duplication of evidence, expense, and resources. This action will result in uniformity of decisions and avoid risk of inconsistency and incompatible standards of conduct in the judicial system.

    g. **Maintainability:** This action is properly maintainable as a class action for the above-mentioned reasons and under Rule 23(b):

        i. The individual amount of restitution involved is often so insubstantial that the individual remedies are impracticable and individual litigation too costly;

        ii. Individual actions would create a risk of inconsistent results and duplicative litigation;

        iii. Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby rendering final injunctive relief or declaratory relief appropriate for the Classes as a whole; and

        iv. Individual actions would unnecessarily burden the courts and waste judicial resources.

    h. **Predominance**: The questions of law or fact common to Class Members predominate over any questions affected only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating

the controversy.

## CLAIMS FOR RELIEF

## FIRST CLAIM

### Violation of the Due Process Clause of the U.S. Constitution

40. Plaintiffs reallege and incorporates into this cause of action the allegations of the of the Complaint set out above.

41. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no State can "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

42. The substantive component of the Due Process Clause "limits what the government may do in both its legislative. . .and its executive capacities." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1988). Specifically, substantive due process protection prohibits the government from taking action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

43. Where the challenged conduct is legislative in nature the Plaintiffs must show both (1) a valid property interest, [liberty] or fundamental right and (2) that the defendants infringed that [liberty or] property interest in an arbitrary or irrational manner." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001).

44. Liberty "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972).

45. The right to pursue a profession—particularly one as important to the public good and as revered in civil society as teaching children in public schools—is a liberty interest for which one enjoys substantive due process protection. *Allgeyer v. Louisiana*, 165 U.S. 578, 589 (1897)

(holding that "the 'liberty' mentioned in th[e] [Fourteenth Amendment] . . . is deemed to embrace the right of the citizen . . . to earn his livelihood by any lawful calling"). *See also Marino v. City Univ. of N. Y*, 18 F. Supp. 3d 320, 339 (E.D.N.Y. 2014) (noting that "a person's right to pursue the profession of his choice is recognized as a constitutionally protected liberty interest").

46. The August 23 Order shocks the conscience and interfere with Plaintiffs' and members of the putative Classes' deeply rooted liberty interests, including the right to work as teachers, their chosen profession.

47. If Defendants enforce the August 23 Order, Plaintiffs' and members of the putative Classes' may lose their income, their seniority, and/or their health benefits. Termination of teachers at the beginning of the school year, with mere weeks of warning, will result in Plaintiffs' and Class members' being irreparably harmed.

## SECOND CLAIM

**Violation of the Equal Protection Clause of the U.S. Constitution**

**(Against the City and de Blasio)**

48. Plaintiffs realleges and incorporates into this cause of action the allegations of the Complaint set out above.

49. The Equal Protection Clause of the Fourteenth Amendment requires that every regulation be at a minimum rationally related to a legitimate governmental interest.

50. The City and de Blasio may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985).

51. The vaccine mandate imposed on Plaintiffs and the Classes of teachers by the City and de Blasio is arbitrary and irrational.

52. The vaccine mandate is based on a distinction between DOE employees and contractors and other municipality employees. For example, the July 26 Order allows non-DOE employees and contractors to opt out of the vaccine mandate through weekly Covid-19 tests.

53. The August 23 Order, however, does not allow 148,000 school-based staff and central staff, as well as DOE contractors who work in school-based settings, to opt out of the vaccine mandate.

54. The arbitrary distinction between DOE employees and contractors and other municipality workers is not rationally released to the City's legitimate interest in curtailing the spread of the disease.

55. The mandate imposed on Plaintiffs and the Classes interferes with fundamental rights, including the right to pursue a lawful profession.

## THIRD CLAIM

### Vacating the DOHMH's Order Pursuant to CPLR § 7803(3)

56. Plaintiffs realleges and incorporates into this cause of action the allegations of the Complaint set out above.

57. Pursuant to CPLR § 7803(3), this Court has jurisdiction to vacate the Defendants' August 23 Order if it "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion."

58. The August 23 Order violates Plaintiffs and the Classes due process rights by denying their right to employment, resulting in a deprivation of their vested property rights without due process.

59. The August 23 Order does not include certain exceptions to the vaccine mandate, such as weekly testing, as permitted for other City employees, or for those with existing antibodies.

60. The August 23 Order is therefore arbitrary, capricious, and should be vacated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

A. Certifying the proposed Class pursuant to Rule 23;

B. On the First Claim, awarding Plaintiff and the Class damages from Defendants' violation of their constitutional right to substantive due process;

C. On the Second Claim, awarding Plaintiff and the Class damages from Defendants' violation of their constitutional right to equal protection;

D. On the Third Claim, vacate the August 23 Order as arbitrary and capricious;

E. Costs of suit herein;

F. Investigation costs;

G. Payment of reasonable attorneys' fees;

H. Declaratory relief;

I. Injunctive relief;

J. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury for all issues so triable in this action.

Dated: New York, New York
September 15, 2021

By: *s/ Mark J. Fonte*
Mark J. Fonte
Louis M. Gelormino
**F&G Legal Group**
2550 Victory Blvd.
Staten Island, New York 10314
Telephone: (917) 968-1619
mfontelaw@yahoo.com
louiegels@hotmail.com
*Attorneys for Plaintiff and the Class*