Mark J. Fonte
Louis M. Gelormino
**F&G LEGAL GROUP**
2550 Victory Boulevard
Staten Island, New York 10314
Telephone:     (917) 968-1619
mfontelaw@yahoo.com
louiegels@hotmail.com
*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**RACHEL MANISCALCO, EVELYN ARANCIO, DIANA SALOMON,** and **CORINNE LYNCH**, individually, and for all others similarly situated,

Plaintiffs,

-against–

**THE NEW YORK CITY DEPARTMENT OF EDUCATION, MEISHA PORTER, SCHOOLS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, IN HER OFFICIAL CAPACITY, THE CITY OF NEW YORK, BILL** de **BLASIO, MAYOR OF NEW YORK CITY, IN HIS OFFICIAL CAPACITY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE,** and **DAVE A. CHOKSHI, COMMISSIONER OF THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE, IN HIS OFFICIAL CAPACITY**

Defendants.

Case No. 1:21-CV-05055

**PLAINTIFFS' MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

ARGUMENT ............................................................................................................................2

I.  PLAINTIFFS ARE ENTITLED TO A PRELIMINARY INJUNCTION ...........................2

    A.  Defendants Papers' Support that Plaintiffs Will Be Irreparably Harmed by the August 23 Order ...........................................................................................................................2

    B.  Plaintiffs Are Likely to Succeed on the Merits of their Claims...................................4

        i. Plaintiffs Have Stated a Viable Substantive Due Process Claim Because of Their Inability to Pursue Their Profession ...........................................................................4

        ii. Plaintiffs Have Stated a Viable Equal Protection Claim Because of Defendants' Discrimination Between Municipality Workers ...........................................................5

    C.  The Balance of Equities Tips in Plaintiffs' Favor .......................................................7

    D.  The Requested Injunction Is in the Public Interest .....................................................7

CONCLUSION..........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Connecticut ex rel. Blumenthal v. Crotty*,
   346 F.3d 84 (2d Cir. 2003).......................................................................................... 6

*eBay Inc. v. MercExchange, LLC*,
   547 U.S. 388 (2006)..................................................................................................... 7

*Gibson v. U.S. Immigration & Naturalization Serv.*,
   541 F. Supp. 131 (S.D.N.Y. 1982) .............................................................................. 4

*Kamerling v. Massanari*,
   295 F.3d 206 (2d Cir. 2002)......................................................................................... 3

*McCullen v. Coakley*,
   573 U.S. 464 (2014)..................................................................................................... 6

*N.Y. Pathological & X–Ray Labs., Inc. v. INS*,
   523 F.2d 79 (2d Cir. 1975)........................................................................................... 3

*Salinger v. Colting*,
   607 F.3d 68 (2d Cir. 2010)........................................................................................... 7

*San Jacinto Say & Loan v. Kacal*,
   928 F.2d 697 (5th Cir. 1991) ....................................................................................... 5

*Roman Cath. Diocese of Brooklyn v. Cuomo*,
   141 S. Ct. 63 (2020)..................................................................................................... 6

*Sutton v. Stone Brook Univ.*,
   No. 18-CV-7434 (JS) (ARL), 2021 WL 3667013 ....................................................... 5

*Tom Doherty Assoc. v. Saban Entm't, Inc.*,
   60 F. 3d 27 (2d Cir. 1995)............................................................................................ 4

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008)......................................................................................................... 2

*Winter v. NRDC, Inc.*,
   555 U.S. 7 (2008)......................................................................................................... 7

**Statutes**

N.Y. Educ. Law. § 5004 ................................................................................................... 5

## PRELIMINARY STATEMENT[1]

The Court should grant Plaintiffs' request for a preliminary injunction because Defendants through the August 23 Order placed an unconstitutional burden on public-school teachers and other DOE workers.

First, Plaintiffs are entitled to a preliminary injunction because their Amended Complaint supports that they will be irreparably harmed by Defendants' August 23 Order. Plaintiffs are at risk of losing their livelihoods, their ability to pursue their profession, and their seniority in their respected positions. Defendants own papers makes it clear that teachers who refuse the vaccine—despite having antibodies—will be placed on "leave[] without pay and "prohibited from engaging in gainful employment during the leave period." (Dkt. No. 9-4, "Arbitrator's Award".) The harm is not speculative, but actual and imminent.

Second, Plaintiffs are likely to succeed on the merits of their claims. Plaintiffs have stated a viable substantive due process claim because the August 23 Order will deny their freedom to pursue their profession as teachers or paraprofessionals. Plaintiffs have also stated a viable equal protection claim because Defendants' August 23 Order is subject to—and cannot satisfy—strict scrutiny review as the right to pursue a lawful occupation is a fundamental right. Plaintiffs are likely to succeed on the merits of their claims.

Third, the balance of equities clearly tips in favor of Plaintiffs. Despite Defendants argument, Plaintiffs are not against safe work and educational environment in public schools. (*See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction, Dkt. No. 9 ("Defendants' Opp") at 18.) As the City's *own policies* show, vaccines are not the only way to obtain such an environment, as most municipal workers in New York City

---

[1] All capitalized terms are defined in the Plaintiffs' Amended Complaint ("Am. Compl."), Dkt. No. 8. Some terms are redefined herein for the Court's convenience.

are allowed to opt-out of the Covid-19 vaccine through weekly tests. The balance of equities tips in favor of Plaintiffs.

Lastly, Plaintiffs' injunction is in the public interest. If Plaintiffs are allowed to opt out of the August 23 Order through weekly tests or proof of antibodies, they could continue to educate New York children through their employment with the DOE and the City. Defendants' alternative, however, would affect over one million school children, and their families, if public school teachers and DOE employees are not allowed at the workplace.

The Court should grant Plaintiff's application for a preliminary injunction of Defendants' August 23 Order.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Amended Complaint (Dkt. No. 8), the Declaration of Louis Gelormino in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 2-3), and the Declaration of Rachel Maniscalco in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 2-2) for additional facts.

## ARGUMENT

## I.    PLAINTIFFS ARE ENTITLED TO A PRELIMINARY INJUNCTION

The Court should grant Plaintiffs' request for injunctive relief because they have established that they will succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### A. Defendants Papers' Support that Plaintiffs Will Be Irreparably Harmed by the August 23 Order

Plaintiffs will suffer irreparable harm if their request for injunctive relief is denied. To

establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money cannot provide adequate compensation. *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X–Ray Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)). Plaintiffs have established such irreparable harm.

Defendants' Opposition ignores the four irreparable harms that Plaintiffs have identified in their Amended Complaint: losing their livelihoods (Am. Comp. ¶ 1), their health insurance (*id.*), their ability to pursue their professions (*id.)*, and their seniority (*id.* at 4). Defendants' own papers admit that the August 23 Order applies to Plaintiffs: "[n]o later than September 27, 2021, or prior to beginning employment, the following individuals must provide proof of vaccination as described below: (a) DOE staff must provide proof of vaccination to the DOE." (Dkt. No. 9-3 at 2.) As pleaded, Plaintiffs are employed by the DOE as paraprofessionals and public-school teachers. (Am. Comp. ¶ 20–23.) While Defendants now claim that "none of these supposed 'harms' exist[]" and are "purely speculative," the Arbitrator's Award provides that:

A. "Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, which is later, through November 30, 2021."

B. "Except as otherwise noted, herein, this leave shall be treated consistent with other unpaid leaves at the DOE for all purposes."

C. "As with other DOE leaves without pay, employees are prohibited from engaging in gainful employment during the leave period."

(Arbitrator's Award, Dkt. No. 9-4 at 14–15.) While the Arbitrator's Award carves out certain exceptions to the vaccine mandate, it does not address either of Plaintiffs' grievances with the August 23 Order. Specifically, there is no exception to the vaccine for those who have developed antibodies. (Am. Comp. ¶¶ 21, 22, 23, 25.) Indeed, all four Plaintiffs will, *at the very least*, lose

their livelihoods if they are without pay, their ability to serve the children of New York City, and, of course, their ranking as teachers. The harm is not remote or speculative, but, as the Arbitrator's Award supports, actual and imminent. *See Tom Doherty Assoc. v. Saban Entm't, Inc.,* 60 F. 3d 27, 29 (2d Cir. 1995). Plaintiffs will be irreparably harmed by the City's August 23 Order.[2]

**B. Plaintiffs Are Likely to Succeed on the Merits of their Claims**

Plaintiffs are likely to prevail on the merits of their claims and are therefore entitled to a preliminary injunction to preserve the status quo. In order for a preliminary injunction—which by its terms provides only a preliminary remedy—to be granted, "[i]t is necessary only that the court find that the plaintiff has presented a strong *prima facie* case to justify the discretionary issuance of preliminary relief." *Gibson v. U.S. Immigration & Naturalization Serv.,* 541 F. Supp. 131, 137 (S.D.N.Y. 1982). Plaintiffs are likely to succeed on the merits of substantive due process, equal protection, and N.Y. CPLR 7803(3) claims.

      i.    Plaintiffs Have Stated a Viable Substantive Due Process Claim Because of Their Inability to Pursue Their Profession

Plaintiffs have adequately shown the likelihood of a violation of a substantive due process claim because there will be a complete or partial inability to pursue their profession. A violation of one's fundamental right to pursue an occupation exists and gives rise to a due process claim where there is less than a complete inability to practice one's profession. *See Valmonte v. Bane,* 18 F. 3d 992, 1001 (2d Cir. 1994) (plaintiff stated substantive due process claim by alleging that she would be unable to get a job in the child-care field if her name was listed—as required by statute—on a register of child abusers, even though employers retained the

---

[2] At the time of filing the Complaint (Dkt. No. 1) on September 10, 2021, Plaintiffs were unaware of the Arbitrator's Award, which was also released on September 10, 2021, that carves out certain medical and religious exceptions to the August 23 Order.

ability to hire plaintiff); *see also San Jacinto Say & Loan v. Kacal,* 928 F. 2d 697, 702 (5th Cir. 1991) (plaintiff has a liberty right to operate a legitimate business, free from arbitrary deprivation by state officials and finding a viable substantive due process claim where state officials' conduct sought to significantly alter plaintiffs liberty interests in her business).

Here, the August 23 Order provides that Plaintiffs will be "placed on leave by the DOE without pay." (Arbitrator's Award, Dkt. No. 9-4 at 14–15.) Defendants now argue that "[n]othing in the DOE Vaccination Mandate would prohibit plaintiffs from working for a private school or other school district that does not presently require vaccination," (Defendants Opp. at 9) but that runs contrary to the Arbitrator's decision, which states that DOE employees are "prohibited from engaging in gainful employment during the leave period" (Arbitrator's Award at 14). Defendants also equate teaching in private school with teaching in private schools (Defendants Opp. at 9), yet, with respect to private schools, work in both is not the same. The DOE—unlike any private school in New York City—is the nation's largest public school system in the United States, with over 1.1 million students taught in more than 1,800 separate schools. Moreover, New York has different licensing requirements for public school and private school teachers. *See* N.Y. Educ. Law. § 5004. Defendants' authority is inapposite because, here, Plaintiffs have pleaded that the August 23 Order interferes with their right to pursue their careers as public-school teachers or paraprofessionals (Am. Comp. ¶¶ 1, 8, 9, 15). *See Sutton v. Stone Brook Univ.*, No. 18-CV-7434 (JS) (ARL), 2021 WL 3667013, at *12 (dismissing a claim for substantive due process because a student teacher failed to "allege that Defendants precluded her from her chosen career"). Plaintiffs have stated a viable substantive due process claim.

> ii. Plaintiffs Have Stated a Viable Equal Protection Claim Because of Defendants' Discrimination Between Municipality Workers

The August 23 Order is subject to—and cannot satisfy—strict scrutiny review as the right

to pursue a lawful occupation is a fundamental right. As the Court of Appeals has recognized, "the right to pursue a lawful calling has long been recognized as a fundamental right." *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 95 (2d Cir. 2003). Further, the U.S. Supreme Court has recognized that the City's past orders cannot satisfy strict scrutiny review. *See Roman Cath. Diocese of Brooklyn v. Cuomo,* 141 S. Ct. 63, 67 (2020) (applying strict scrutiny standard to Covid-19 restrictions and rejecting them as "far more severe than has been shown to be required to prevent the spread of the virus" and thus not "narrowly tailored" to achieve the policy goal at issue). In addition to narrow tailoring, strict scrutiny requires Defendants to prove its regulations were the "least restrictive means." *McCullen v. Coakley*, 573 U.S. 464, 478 (2014).

Defendants' argument to legitimize the differential treatment between DOE workers and the other municipality workers is based on Plaintiffs identifying as a legally protected class—which they have not claimed—and that the City has articulated a rational and non-discriminatory basis for treating Plaintiffs differently than other similarly situated municipality workers. (Defendants' Opp. at 12–13.) As pleaded, Plaintiffs agree that safety in New York City's public schools, where almost a million student are educated, is essential. (Am. Comp. ¶ 3.) In fact, Plaintiffs have stated they do not oppose Defendants' legitimate steps to make their own workplace, and the place they educate their students, a safer place to work and in which to learn. (*Id.*) Defendants instead argue that there is a "rational and non-discriminatory basis" for treating Plaintiffs differently than other municipal workers because DOE employees "main close indoor contact with children." (Defendants' Opp. at 12.) Defendants, however, fail to state why DOE workers cannot qualify for weekly tests in lieu of the vaccine. In fact, Defendants fail to even argue that the discrimination between DOE workers and other municipality workers is supported

on science and data. Plaintiffs have stated a viable equal protection claim.

## C. The Balance of Equities Tips in Plaintiff's Favor

The equities are in favor of Plaintiffs. To balance the equities in each case, courts must balance the competing claims of injury on each party of either granting or withholding the requested relief. *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). Again, Defendants ignore Plaintiffs' pleadings, which state that "[n]either Plaintiffs nor members of the Class oppose Defendants' legitimate steps to make their own workplace, and the place they educate their students, a safer place to work and in which to learn." (Am. Comp. ¶ 3.) Plaintiffs agree that Defendants should ensure a safe work and educational environment in public schools. (*Id.*) However, Defendants ignore the science that shows that vaccination is not the only way to obtain such an environment. (*Id.* at 6.) The City has allowed alternatives to vaccination, such as weekly testing with mask-wearing, for public employees outside the DOE system. Defendants have offered no reason why a similar policy respecting the constitutional rights of DOE workers cannot also be adopted.

## D. The Requested Injunction Is in the Public Interest

The requested injunction which would permit Plaintiffs and many other teachers like them to continue to serve the City and DOE as teachers, maintain their employment and health benefits, all while teaching students is in the public interest. "[T]he court must ensure that the 'public interest would not be disserved' by the issuance of a preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Defendants have failed to prove show or prove how opting out of the vaccination with weekly Covid-19 tests—as other municipal workers are allowed—would endanger the "health and safety of the children." (Defendants Opp. at 20.) This is especially true for those who

already have antibodies following exposure to a Covid-19 infection, which provides protection from Covid-19. Plaintiffs' injunction is in the public interest.

## **<u>CONCLUSION</u>**

For the reasons stated herein, and in the supporting papers, Plaintiffs are entitled to a preliminary injunction.

Dated: New York, New York
      September 20, 2021

By: *s/ Mark J. Fonte*
     Mark J. Fonte
     Louis M. Gelormino
     **F&G Legal Group**
     2550 Victory Blvd.
     Staten Island, New York 10314
     Telephone:   (917) 968-1619
     mfontelaw@yahoo.com
     louiegels@hotmail.com
     *Attorneys for Plaintiffs and the Class*
