# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** <u>HON. LAURENCE LOVE</u> | PART | 63M |
| *Justice* | | |
| -------------------------------------------------------------------X | INDEX NO. | 158368/2021 |
| THE NEW YORK CITY MUNICIPAL LABOR COMMITTEE, HARRY NESPOLI, HENRY GARRIDO, MICHAEL MULGREW, MARK CANNIZZARO, GREGORY FLOYD, JOSEPH MANNION, JOSEPH COLANGELO, MARTIN LYDON, CHRIS MONAHAN, LOUIS TURCO, WILLIAM LYNN, DALVANIE POWELL, JAMES MCCARTHY, IGNAZIO AZZARA, JOSEPH AZZOPARDI | MOTION DATE | N/A |
| | MOTION SEQ. NO. | 001 |
| Petitioners, | | |
| - v - | **ORDER - INTERIM (MOTION RELATED)** | |
| THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, | | |
| Respondent. | | |
| -------------------------------------------------------------------X | | |

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 17, 18, 19, 20, 21, 22, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for      <u>PREL INJUNCTION/TEMP REST ORDR</u>      .

Upon the foregoing documents and after oral argument held September 22, 2021 via Microsoft Teams, the Court issues the following Interim Order:

Petitioners commenced the instant action by filing a Verified Petition on September 9, 2021. Said Petition seeks to vacate, pursuant to CPLR Article 78, the Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for Department of Education Employees, Contractors, and Others, dated August 24, 2021 ("the Order"); and to enjoin Respondents the City of New York, The New York City Department of Health and Mental Hygiene ("DOHMH"), and the Board of Education of the City School District of the City of New York ("DOE") (collectively "Respondents") from implementing the Order.

158368/2021   THE NEW YORK CITY MUNICIPAL LABOR COMMITTEE ET AL vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 5

1 of 5

The court recognizes at the outset the significant public interest in this matter as well as the fact that a ruling will have a direct impact on the approximately one million children enrolled within the New York City school system, their parents and the significant number of school employees who have already persevered through the COVID crisis. DOE employees, city employees, contractors and others who work within the school system have already endured much over these last eighteen months while providing education both virtually and in person for our children.

All of us have been navigating uncharted waters over these last eighteen months as we have endured and sought to counter the COVID pandemic. The social and economic impact along with the illness, death and fear it has wrought can not be overstated, but at the same time health and government officials have been pursuing a continuously evolving effort to put COVID behind us and provide for the safety and health of all. From restricted activities, to mask wearing, to testing, to vaccines, the goal remains the same – safety and health. Most believe vaccination is the best option, but this Court is well aware that some feel otherwise, whether based on medical, religious or simply their own belief system. All are entitled to their beliefs.

On August 23, 2021, DOHMH Commissioner Chokshi announced a vaccination mandate for all employees in the City school district, and on August 24, 2021, DOHMH imposed said Order, which requires all DOE staff, City employees, and contractors who "work in-person in a DOE school setting or DOE building"; and "[a]ll employees of any school serving students up to grade 12 and any UPK-3 or UPK-4 program that is located in a DOE building who work in-person, and all contractors hired by such schools or programs to work in-person" to – no later than September 27, 2021 – provide proof that they (a) have been fully vaccinated; (b) have received a

158368/2021   THE NEW YORK CITY MUNICIPAL LABOR COMMITTEE ET AL vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 2 of 5

2 of 5

single dose vaccine; or (c) have received the first dose of a two-dose vaccine, and must additionally provide proof that they have received the second dose within 45 days of the initial inoculation.

Concurrent with the filing of the instant action, Petitioners filed an Order to Show Cause seeking a Temporary Restraining Order and Preliminary Injunction, granting the relief demanded in the Petition. On September 14, 2021, this Court signed said Order to Show Cause, scheduling Oral Argument on September 22, 2021 at 12:00 p.m. and temporarily restraining Respondents from implementing the Health department Order pending the hearing on September 22, 2021. This Court was aware that a fuller review would be required prior to addressing the sought after preliminary injunction but issued said Temporary Restraining Order solely because the Department of Health and Mental Hygiene Order's mandate did not reference the possibility of any medical or religious exemption.

The day following the issuing of the TRO, September 15, 2021, the Commissioner of Health and Mental Hygiene rescinded and restated the DOHMH's prior orders dated August 24, 2021, and September 12, 2021, to include the following clarifying language: "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." This newly issued order (the "New Order") entirely obviates this Court's reason for issuing the Temporary Restraining Order.

A preliminary injunction is appropriate when the party seeking injunctive relief establishes: (1) likelihood of ultimate success on the merits; (2) irreparable injury if the injunction is not granted; and (3) a balancing of the equities in its favor. *See Four Times Square Assocs., L.L.C. v. Cigna Investments, Inc.*, 306 A.D.2d 4, 5 (1st Dep't 2003) (citing *Grant Co. v. Srogi*, 52 N.Y.2d 496, 517 (1981)); CPLR §§ 6301, 6311. The elements to be satisfied must be demonstrated by clear and convincing evidence. *Liotta v. Mattone*, 71 A.D.3d 741 (2nd Dep't, 2010). However, the

158368/2021  THE NEW YORK CITY MUNICIPAL LABOR COMMITTEE ET AL vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 3 of 5

3 of 5

moving party is only required to make a *prima facie* showing of its entitlement to a preliminary injunction, not prove the entirety of its case on the merits. The decision to grant a motion for a preliminary injunction "is committed to the sound discretion of the trial court." *N.Y. Cnty. Lawyers' Ass'n v. State*, 192 Misc. 2d 424, 428-29 (Sup. Ct. N.Y. Cnty. 2002); *see also Terrell v. Terrell*, 279 A.D.2d 301, 304 (1st Dep't 2001).

Having resolved the issue of appropriate medical and religious exemptions with the New Order, Petitioners' sole argument is that the New Order violates school-based employees substantive due process rights by threatening their personal autonomy, bodily integrity and right to reject medical treatment. Petitioners argue that since the Supreme Court of the United States' decision in *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905) (holding that a fine imposed on plaintiff for declining to comply with a mandatory small pox vaccination did not violate his constitutional rights under a rational basis review), the law in the area of mandatory vaccinations has substantially changed. In support of this argument Petitioners cite *Griswold v. Connecticut*, 381 U.S. 479 (1965) (contraception); *Loving v. Virginia*, 388 U.S. 1 (1967) (marriage); *Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Lawrence v. Texas*, 539 U.S. 558 (2003) (same sex intimate sexual relations); *Obergefell v. Hodges*, 576 U.S. 644 (2015) (same sex marriage). The connection petitioner seeks to make utilizing this line of cases simply does not pass the smell test – those cases and their findings speak for themselves while the case before this Court addresses the issue of whether vaccination may be compelled as a condition of employment.

Since *Jacobson*, the state and federal courts have consistently held that a mandatory vaccine requirement does not violate substantive due process rights and properly fall within the State's police power, *See*, *Phillips v. City of New York*, 775 F.3d 538, 542 (2d Cir. 2015) (holding that New York's mandatory vaccine requirement did not violate substantive due process rights as

158368/2021   THE NEW YORK CITY MUNICIPAL LABOR COMMITTEE ET AL vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 4 of 5

4 of 5

the vaccinations were within the State's police power, and individual liberties did not overcome its judgment that such vaccination was in the interest of the population as a whole); *Caviezel v. Great Neck Pub. Schs.*, 500 F. App'x 16, 19 (2d Cir. 2012); *C.F. v. New York City Dept. of Health & Mental Hygiene*, 191 A.D. 3d 52, 69 (2d Dep't Dec. 23, 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the Fourteenth Amendment). As such, Petitioners will be unable to establish a likelihood of ultimate success on the merits.

The Court notes that Petitioners are similarly unlikely to be able to establish an irreparable harm as the loss of employment is compensable by money damages and reinstatement to said employment and will be similarly unable to prevail in a balancing of the equities as the health interests of the general public far outweigh petitioners' interests.

ORDERED that pending a final order on Petitioners' Petition and Respondents' cross-motion seeking dismissal of the instant Petition, to be issued after the submission of all motion papers, the Temporary Restraining Order issued by this Court on September 14, 2021 is VACATED in its entirety.

| 9/22/2021 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LAURENCE LOVE, J.S.C.** | |
| **CHECK ONE:** | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION | | |
| | [ ] GRANTED   [ ] DENIED | [ ] GRANTED IN PART | [X] OTHER | |
| **APPLICATION:** | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE | |

158368/2021   THE NEW YORK CITY MUNICIPAL LABOR COMMITTEE ET AL vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 5

5 of 5