


Pritish Vora

27758 Via Santa Marg. Pkwy, #530

Mission Viejo, CA  92691

(949) 292-8359

Amicus Curiae, Pro Se

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL MANISCALCO, et al., | Case No.: 1:21-cv-05055-BMC |
| Plaintiff, | **MOTION FOR LEAVE TO FILE** |
| vs. | **AMICUS CURIAE** |
| THE NEW YORK CITY DEPARTMENT OF EDUCATION, et al., | |
| Defendant. | Hon. Judge Brian M. Cogan |

COMES NOW, Pritish Vora, Amicus Curiae, by way of Pro Se, files with the Honorable Court his motion for leave to file an informational brief in the above referenced matter, and states as follows:

1. Amicus is an individual, concerned U.S. citizen from California and is familiar with the docket entries in this case regarding the implementation of a "Covid-19 vaccine mandate." Amicus has a PACER account and thus also is aware of other similar cases.

2. Amicus is a Pro Se, is not an attorney, does not hold any law degree, but is aware of the Federal Rules of Civil Procedure as Amicus has filed cases in the Central District of California in other matters. See, e.g., Vora v. LVNV Funding, LLC et al., No. 8:18-cv-01674-JLS-JDE (C.D. Cal. 2018).

1

3. Notwithstanding "the absence of a specific provision" in the rules authorizing amicus briefs, "District Courts have long been permitted to allow amicus appearances at their discretion." See Vigil v. AT&T, 1969 WL 118, at *1 (D.Colo. Sept. 9, 1969).

4. The classic role of the amicus curiae is to assist in a case of general public interest, supplement the efforts of counsel, and draw the Court's attention to law or facts that may otherwise escape consideration. See Miller-Wohl Co., Inc. v. Commissioner of Labor and Indus., 694 F.2d 203, 204 (9th Cir. 1982). The implementation of a vaccine mandate is highly contested throughout the District Courts, and a matter of public interest. In fact, there are several cases pending that will have a strong likelihood to impact the outcome of mandates, and thus Amicus seeks to provide the Court with factual references that warrant judicial notice.

5. As explained in the attached brief, there is <u>no</u> such FDA approved Covid-19 vaccine named "COMINARTY" currently available to the public. The so-called "public health emergency" in New York City is <u>over</u>. The Covid-19 vaccines that are under an emergency use authorization all have deleterious effects *in the short term*, and those listed adverse events are **well documented**. (Emphasis added).

6. The ORDER of USCA (2nd Cir.) remanded the case to "proceed as the District Court deems necessary or advisable." (Doc 20). Amicus sought concurrence with respective counsel from the parties but did not receive a response from either party.

7. Indeed, amicus briefs may even become dispositive to the outcome of a final appeal. See Federal Trade Commission v. Penn State Hershey Medical Center, 838 F.3d 327 (3rd Cir. 2016). The Court has not made a final determination on the merits of the amended complaint, and there is no prejudice to the parties to have this information presented before the Court fully decides the respective parties' positions.

8. For the reasons set forth above, Amicus respectfully requests that the Court GRANT leave to file the Amicus Curiae brief, attached contemporaneously herewith.

Respectfully submitted on this day of _Nov. 11, 2021_

By: _[signature] Pritish Vora_

Pritish Vora, Amicus Curiae, Pro Se

2

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

# CERTIFICATE OF SERVICE

I, Pritish Vora, Amicus Curiae, hereby certify that I mailed the original of the motion for leave to file Amicus Curiae in the above referenced matter to the Clerk of the Court via FedEx on November 11, 2021, and a copy was sent to each of the parties' respective counsel below via USPS first class mail, postage prepaid.

By: *Pritish Vora* (signature)

Pritish Vora
Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
(949) 292-8359
pvora2112@gmail.com

Attorneys for Plaintiffs to be NOTICED:

Mark L. Fonte
Louis M. Gelormino
F&L Legal Group
2550 Victory Blvd.
Staten Island, New York 10314
Tel. (917) 968 1619
mfontelaw@yahoo.com
louiegels@hotmail.com

Attorneys for Defendants to be NOTICED:

Georgia M. Pestana
Corporation Counsel of the
City of New York
100 Church Street
New York, NY  10007
Tel. (212) 356-2978
lminicuc@law.nyc.gov

Amanda C. Croushore / Lora Minicucci
Assistant Corporation Counsels

Pritish Vora

27758 Via Santa Marg. Pkwy, #530

Mission Viejo, CA 92691

(949) 292-8359

Amicus Curiae, Pro Se

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL MANISCALCO, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>THE NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>    Defendant. | Case No.: 1:21-cv-05055-BMC<br><br>**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**<br><br><br>**Hon. Judge Brian M. Cogan** |

COMES NOW, Pritish Vora, Amicus Curiae, by way of Pro Se, files with the Honorable Court his amicus curiae brief in the above referenced matter, and states as follows:

### INTEREST OF THE AMICUS CURIAE

Amicus Curiae ("Amicus") submits this informational brief in support of the New York City public school teachers, paraprofessionals, staff, visitors, and others that are facing or likely to face the Order of the Commissioner of Health and Mental Hygiene to require Covid-19 vaccination for department of education employees, contractors, visitors and others as defined in the Order signed by Dave A. Chokshi, M.D., MSc dated September 15, 2021. (See Doc 9-3). (Hereinafter for simplicity the Order referred to as "the mandate.").

1

Amicus provides information to this Court from publicly available sources found on the following sites, including, but not limited to, FDA.gov, CDC.gov, HHS.gov, and publicly available court filings on CourtListener.com via its RECAP archive, which are also available on PACER.gov., of facts that have escaped the Court's consideration.

This brief was not authored in whole or in part by counsel representing any party in this case. Amicus has strong past ties to N.Y.C. due to family and can observe objectively the pandemic that has grappled the nation over what now has transgressed into the Covid-19 vaccine[1] mandate hysteria. Amicus has not received any monetary compensation to file this brief from any source, and does so at his own time, effort, and expense.

Amicus shall focus on three distinct parts for the purpose of this brief and shall provide the Court with supporting references for each:

1. The "FDA Approved" COMINARTY is not available in the United States.

2. There is no "public health emergency" in New York City.

3. The emergency use authorization ("EUA") of the Covid-19 vaccines are not "safe and effective." They are experimental medical treatments that require informed consent.

## I. THERE IS NO COMINARTY COVID-19 VACCINE AVAILABLE IN THE U.S.

Defendants' preliminary statement, states as follows, in part: "On August 24, 2021, the day after the U.S. Food and Drug Administration ("FDA") **fully approved the Pfizer COVID-19 vaccine**…". (Def. Mem. In Opp., Doc 9). (Emphasis supplied). Defendants stated the vaccine is "fully approved," and repeatedly refer to their mandate in their opposition as "the DOH Vaccination Mandate." It does not appear that the parties dispute that the Order from the Department of Health and Mental Hygiene is a mandate.

However, Defendants have played a clever sleight-of-hand. By way of example, Defendants state: *"It is plain from these statements that Maniscalco has identified no actual likely harm to herself or to anyone else resulting from the DOE Vaccination mandate; instead,*

---

[1] Amicus uses the word "vaccine" for convenience, but wholly rejects the notion of the Covid-19 injections being "vaccines." They are not. These are novel gene therapies using mRNA technology that do not use a live or attenuated virus to stimulate an immune response.

2

*she points only to untethered speculation **that an FDA-approved vaccine** is potentially unsafe to her...).*" (See Doc 9 at 6). Nothing in the Maniscalco declaration cited by Defendants suggests that Maniscalco said the vaccine is **"FDA-approved."** (See Doc 2-2, Maniscalco Decl.). (Emphasis supplied). See also, in general, F.R.Civ.P. 11(b).

The Court issued an ORDER denying Plaintiff's relief for a preliminary injunction. (Doc 16). The 2nd Cir affirmed. (Doc 20). The Court adopted Defendant's theory of an FDA approval. *("The Food and Drug Administration **approved** the Pfizer-BioNTech vaccine for individuals 16 years of age and older...).*" (See ORDER at 8, and n.6). (Emphasis supplied). As Amicus will show, any "mandate" that relies on the presumption of an FDA approval, when no such FDA approved product is available, is clearly unjustified.

Amicus respectfully requests the Court to take judicial notice of the following cases whereby litigants question the so-called "FDA approval." See <u>Daniel Robert SSGT U.S. ARMY, et. al. v. Lloyd Austin Sec. of Defense, et. al.</u>, No. 1:21-cv-0228-RM-STV (Dist. Col. 2021), ("*Robert*"). See also <u>John Doe et al., v. Lloyd Austin, et. al.</u>, No. 3:21-cv-01211-TKW-HTC (N.D. Fla. 2021), ("*John Doe*"). The Court is already presiding over the following case: <u>Shaw-Nae Dixon et. al., v Bill De Blasio, et. al.</u>, No. 1:21-cv-05090-BMC (E.D.N.Y 2021), ("*Dixon*"). The case of *Dixon* is pending appeal to the 2nd Cir. regarding its respective claims.

The mainstream media, whipped into a frenzy over an FDA press release on August 23, 2021, proffered a false reality that has permeated into the minds of the masses, and now, the Federal District Courts, regarding an "FDA approved" COMINARTY Covid-19 vaccine, when **no such FDA approved vaccine was readily available to U.S. consumers**. (Emphasis added).

In *Robert,* the Court initially denied a TRO, citing, among other things, "FDA approval," until that docket was corrected with the facts. (See *Robert*, Docs 26-2 and 26-3) citing the TWO letters sent by FDA to Pfizer on August 23, 2021. These are now readily available to download on CourtListener.com via RECAP.

On August 23, 2021, The FDA sent Pfizer *two* letters, one granting the biologics license application ("BLA") to BioNTech in Mainz, Germany to produce, label, and market the FDA approved COMINARTY, subject to specific terms and conditions. The other letter extended the

3

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

current EUA for Pfizer-BioNTech <u>unapproved</u> mRNA Covid-19 vaccine for those 12 and older.

In *John Doe*, the Plaintiffs have meticulously detailed in their well pled complaint what they appropriately call the "FDA bait and switch." Also, the Plaintiffs in *John Doe* seek to "(1) vacate the unlawful approval of a vaccine, and (2) to enjoin the DOD from mandatory administration of a vaccine unlawfully approved by the FDA." (See *John Doe*, Doc 33 at 6).

Amicus also respectfully requests the Court to take judicial notice of two letters sent by Senator Ron Johnson (R-WI)[2] to the FDA, one on August 26, 2021,[3] and a follow up letter on October 7, 2021, seeking answers to questions regarding the "*de facto* endorsement of an EUA vaccine to support mandates," and the availability of COMINARTY.[4] According to Senator Johnson, despite requesting an expeditious response, acting commissioner Janet Woodcock of the FDA has **failed to respond**. (Emphasis added).

Amicus informs the Court of the following additional facts that warrant judicial notice. Even as Amicus types this brief, the Center for Disease Control and Prevention ("CDC"), states as follows: "**COMINARTY products are <u>not</u> orderable at this time**. NDCs are listed as per FDA Structured Product Label (SPL) document for the BLA licensed product. These codes are not included in the CDC Vaccine Set Files at this time."[5] (Emphasis added).

Also, the CDC makes a clear distinction between "Fact Sheets" (for EUAs) and "Vaccine Information Sheets" ("VIS"), which are used only for <u>licensed</u> vaccines. According to the CDC, "there is no VIS for COVID-19 vaccines under an EUA. Instead, the FDA-issued EUA Fact Sheet for Recipients and Caregivers for each COVID-19 vaccine <u>must</u> be used."[6] Vaccine

---

[2] Senator Johnson (R-WI), ("Sen. Johnson"), served as the Chairman of the Homeland Security and Governmental Affairs Committee from 2015-2021 and now is the ranking member for the Permanent Subcommittee on Investigations.

[3] https://www.ronjohnson.senate.gov/services/files/50503B93-EB6A-49C3-ADAA-4B93200D32D5

[4] https://www.ronjohnson.senate.gov/2021/10/sen-johnson-continues-to-press-the-fda-pfizer-biontech-on-transparency-and-politicization-of-vaccine-approval-process

[5] https://www.cdc.gov/vaccines/programs/iis/COVID-19-related-codes.html

[6] https://www.cdc.gov/vaccines/covid-19/eua/index.html

providers *also* are given a fact sheet for <u>each</u> of the three EUAs, <u>not</u> a VIS.

The American Medical Association ("AMA") has an online resource tool to track each specific Covid-19 vaccine for immunization purposes.[7] Pfizer-BioNTech, Moderna, and Janssen are listed, with their respective "boosters." COMINARTY is not listed; it does not exist.

The Pfizer-BioNTech had its EUA extended, meaning ALL the vaccine providers who are administering the EUA products are *still* administering the EUA products.

## II. THERE IS NO LONGER A PUBLIC HEALTH EMERGENCY IN N.Y.C.

The mandate seeks to vaccinate the N.Y.C. public school teachers and paraprofessionals, because teachers have "direct, repeat and direct contact within a school setting." Defendants cite CDC "recommendations" and "variants of concern." (See, in general, the mandate).

CDC.gov reports deaths per demographics.[8] Throughout the onset of the pandemic, in the entire state of New York, **the cumulative deaths among children in the age group of 0 to 17 lists a total of 13 deaths**. (Emphasis added). Amicus does not undermine any person's death, especially that of a child, however, Amicus simply informs the Court that the mandate citing a "public health emergency" is not supported by the data.

According to the most recently available data from census.gov, the approximate total amount of people in N.Y.C. is around 8,000,000.[9] Of those, approximately 21%, or 1,680,000 are under 18. Using Google calculator, the number of Covid-19 deaths among children, represented percentage wise, comes to .000008%. Transcribed in words, it comes to **eight-millionths of one percent**. (Emphasis added). Effectively, the probability risk of a child dying from Covid-19 was/is statistically ZERO.

The CDC also includes footnotes in their Weekly Tracker data in the same link. (See n.8). The footnote marked as [1] is for Covid-19 deaths, and it states as follows, "Deaths with confirmed or **presumed** COVID-19, coded to ICD-10 U07.1" (Emphasis added). This ICD code is used for reimbursement purposes, with or without a laboratory confirmed Covid-19 test.

---

[7] https://www.ama-assn.org/find-covid-19-vaccine-codes

[8] https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm

[9] https://www.census.gov/quickfacts/fact/table/newyorkcitynewyork,NY/PST045219

Amicus informs the Court that if **any** of the Covid-19 "cases" and/or "deaths" are **"presumed,"** then the number of actual cases or deaths from Covid-19 are inappropriately exaggerated, as it does not take into consideration a person's co-morbidities. (Emphasis added).

According to the CDC, "those at highest risk for severe disease and death include people aged over 60 years (especially those 85 years and older) and those with underlying conditions, including, but not limited to obesity, hypertension, diabetes, cardiovascular disease, chronic respiratory or kidney disease, immunosuppression for solid organ transplant, and sickle cell disease."[10] According to the CDC, the survival rates for Covid-19 are 99.5% to 99.8% for the 20-70 age group, most likely covering ALL the teachers facing the mandate. Also, the Court was not apprised of facts regarding worldwide studies confirming natural immunity.[11] The recovery rate for the younger population is over 99.9%, even if there is a "spike in positive cases." **Defendants are not operating pursuant to a "public health emergency."** (Emphasis added).

### III. THE COVID-19 VACCINES ARE NOT "SAFE AND EFFECTIVE"

Time and time again, in District Court upon District Court, the defendants supporting Covid-19 vaccine mandates, (including the Defendants in *this* case), will often parrot the rhetoric spewed by various politicians, mainstream media pundits, and Dr. Fauci himself, that the Covid-19 vaccines are "safe and effective."

These statements are not supported by the warnings on the EUA fact sheets, or in the publicly held databases of the department of Health and Human Services ("HHS"), which tracks the Vaccine Adverse Reporting System ("VAERS").[12] There are other databases that extrapolate the data, such as OpenVaers.com,[13] MedAlerts.org.,[14] and VaersAnalysis.info.[15]

---

[10] https://ndc.services.cdc.gov/case-definitions/coronavirus-disease-2019-2021/

[11] https://brownstone.org/articles/79-research-studies-affirm-naturally-acquired-immunity-to-covid-19-documented-linked-and-quoted/

[12] https://vaers.hhs.gov/

[13] https://openvaers.com/covid-data

[14] https://medalerts.org/

[15] https://vaersanalysis.info/

Amicus shares the Court's concerns regarding the unknown long-term effects of the vaccines; however, the short-term effects were not brought to the Court's attention, either in the pleadings or during oral arguments prior to the Court rendering its decision on the preliminary injunction. (See docket and transcript on file at SCOTUS, Exhibit G).[16]

The Pfizer-BioNTech latest EUA fact sheet for <u>recipients</u> (i.e., the one given to the public), lists the *short-term side effects* on page 5, including a lengthy list of minor conditions of injection site pain, headache, tiredness, etc.[17] Severe adverse events are virtually omitted.

In contrast, the Pfizer-BioNTech latest EUA fact sheet for <u>vaccine providers</u>[18] (i.e., the one given to pharmacists, hospitals, doctors, clinicians, etc.), on page 14 includes **DEATH as a reportable severe adverse event, whereas the EUA fact sheet for recipients makes no mention of DEATH as a possible severe adverse event**. (Emphasis added).

This discrepancy within the two fact sheets is a monstrosity, is evident that the N.Y.C. teachers are being deceived for a supposed "FDA approved" vaccine mandate, and a failure to disclose that should "shock the contemporary conscience" of ANY District Court.

The VAERS data is in the public domain yet remains underreported. Through October 29, 2021, the data shows the following, including, but not limited to (from all three EUA Covid-19 vaccines combined), 856,917 total reported cumulative adverse events; 28,112 Permanently Disabled; 10,124 Shingles; 8,878 Heart Attacks; 2,786 Miscarriages; and **18,078 DEATHS** (See OpenVaers.com, n.13). (Emphasis added). With all three EUA vaccines, the fact sheets clearly indicate that a person has the right to accept or to REFUSE, period.

## CONCLUSION

Based on the foregoing, COMINARTY is not available in the United States. There is no public health emergency in New York City to warrant the mandate. Finally, the Covid-19 vaccines are experimental products that fail to disclose "DEATH" as one of the severe adverse events for recipients. To ignore these facts is to engage in a blatant act of willful blindness.

---

[16] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21a50.html

[17] https://www.fda.gov/media/153716/download

[18] https://www.fda.gov/media/153715/download

The concept of "willful blindness," originating in a jury charge in 1982, is that one may not "close his eyes, when he pleases, **upon all sources of information**, and then excuse his ignorance by saying that he does not see anything." See Global-Tech Appliances, Inc. v. SEB S.A., 131 S.Ct. 2060, 2068-71 (2011). (Emphasis supplied).

WHEREFORE, Amicus heeds to the Court's wisdom to accept the factual references incorporated herein as warranted to make a final determination properly and fairly on the merits, not only for the sake of equity and justice, but also to preserve the benefit of public interest.

Respectfully submitted this day of: _Nov. 11, 2021_

By: _____

Pritish Vora
Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
(949) 292-8359
pvora2112@gmail.com

# CERTIFICATE OF SERVICE

I, Pritish Vora, Amicus Curiae, hereby certify that I mailed the original of the Amicus Curiae brief in the above referenced matter to the Clerk of the Court on November 11, 2021 via FedEx, and a copy was sent to each of the parties' respective counsel below via USPS first class mail, postage prepaid.

By: *[signature]*

Pritish Vora
Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
(949) 292-8359
pvora2112@gmail.com

Attorneys for Plaintiffs to be NOTICED:

Mark L. Fonte
Louis M. Gelormino
F&L Legal Group
2550 Victory Blvd.
Staten Island, New York 10314
Tel. (917) 968 1619
mfontelaw@yahoo.com
louiegels@hotmail.com

Attorneys for Defendants to be NOTICED:

Georgia M. Pestana
Corporation Counsel of the
City of New York
100 Church Street
New York, NY  10007
Tel. (212) 356-2978
lminicuc@law.nyc.gov

Amanda C. Croushore / Lora Minicucci
Assistant Corporation Counsels