

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

LORA MINICUCCI
Assistant Corporation Counsel
phone: (212) 356-2078
fax: (212) 356-1148
e-mail: lminicuc@law.nyc.gov
*E-Mail And Fax Not For Service*

December 10, 2021

**By ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 10007

      Re: *Maniscalco v. New York City Department of Education et. al.*
          21-cv-05055 (BMC)
          Our No. 2021-025766

Dear Judge Cogan:

      I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York. I submit this letter to respectfully inform the Court that Plaintiffs have failed to serve defendants with a summons, despite this Court's explicit directive to do so, in violation of Federal Rule of Civil Procedure 4(c)(1) and 4(m).

      Plaintiff Rachel Maniscalco[1] commenced this action on September 10, 2021. Thereafter, Plaintiffs filed an Amended Complaint on September 15, 2021. Defendants informed Plaintiff and the Court that they had not been properly served with the Summons and Complaint in this action during the telephonic status conference held on November 9, 2021. At that time, the Court warned Plaintiffs that if Defendants were not properly and timely served, this case would be dismissed.

---

[1] The court should note that Plaintiff Rachel Maniscalco has also brought two other actions regarding the New York City Department of Education Vaccine Mandate, including another case before the Eastern District of New York, 21-cv-6387 (KAM)(RLM), and a case in New York County Supreme bearing index number 160725/2021.

Thereafter, on November 9, 2021, Plaintiffs served Defendants with a copy of the Complaint. However, to date and despite having informed Plaintiffs one month prior to the deadline that Defendants had not been properly served, Plaintiffs have still not served Defendants with a summons. Indeed, it appears from the docket that Plaintiffs never even requested the issuance of a summons in this case. The time to effectual proper service pursuant to Federal Rule of Civil Procedure 4(m) expired yesterday, December 9, 2021. As such, the Court should dismiss this action.[2]

Although courts must extend the deadline for service if good cause for the failure to properly serve is shown, there is no good cause here. In particular, good cause is generally found in exceptional circumstances where the failure to serve was outside of the control of the Plaintiff. Beauvoir v. United States Secret Serv., 234 F.R.D. 55 (E.D.N.Y. 2006). Attorney neglect, misplaced reliance, or mistake does not constitute good cause. Id. Indeed, it is beyond question that "[a]ttorney error does not constitute good cause under Rule 4(m)." Counter Terrorist Group US v. N.Y. Magazine, 374 F. App'x 233, 235 (2d Cir. 2010). Plaintiffs will not be able to show good cause for their failure to serve, as Defendants expressly put them on notice of their need to properly serve them 30 days before their deadline to do so.

Thank you for your consideration of this matter.

Respectfully Submitted,

Lora Minicucci

cc: Counsel of Record (by ECF)

---

[2] Pursuant to Federal Rule of Civil Procedure 4(m) a court must dismiss an action without prejudice against a defendant or order that service be effectuated within a certain timeframe. F.R.C.P. 4(m). Here, the Court already specifically told Plaintiffs that they must serve Defendants within the 90-day time frame provided under the Rules. Harmon v. Bogart, 788 F. App'x 808 (2d Cir. 2019).